UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BELFORD WILLIAM REITZ, III,<br><br>        Petitioner,<br>v.<br><br>STATE OF MINNESOTA,<br><br>        Respondent. | Civil No. 14-378 (SRN/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In December 1991, Petitioner pled guilty to criminal sexual conduct in a criminal case brought against him in the state district court for Anoka County, Minnesota. In January 1992, Petitioner was given a sentence of 113 days, which was stayed, plus a ten-year term of "supervised probation." (Petition, [Docket No. 1], p. 1, §§ 1-6.)

Petitioner did not file a direct appeal following his conviction and sentence, and it appears that he did not otherwise challenge his 1991 Anoka County conviction until 2012. (Id., § 8.) On or about May 15, 2012, Petitioner filed a post-conviction motion in the trial

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

court in Anoka County, seeking to have his 1991 conviction vacated. (Id. §§ 8-9.) The post-conviction motion was dismissed due to untimeliness, and Petitioner appealed that ruling to the Minnesota Court of Appeals. (Id., § 9.) The Court of Appeals agreed that Petitioner's post-conviction motion was untimely, and the trial court's ruling on the motion was affirmed. Reitz v. State of Minnesota, No. A13-0261 (Minn.App. 2013), 2013 WL 5676918 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on December 17, 2013. Id.

Petitioner filed his current federal habeas corpus petition on February 10, 2014. He now claims that the state courts misapplied the Minnesota statute of limitations pertaining to post-conviction motions, and wrongly denied his motion challenging his 1991 criminal conviction. The Court finds, however, that Petitioner's habeas corpus petition suffers from three fatal flaws, each of which, by itself, requires that this action be summarily dismissed.[2]

## II. DISCUSSION

### A. The "In Custody" Requirement

Federal law requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam), citing 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional requirement. Id. at 490. If a habeas petitioner is not "in custody" under the conviction and sentence he is challenging, as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction. See Charlton v. Morris, 53

---

[2] Petitioner did not pay the $5.00 filing fee for this action, which ordinarily would cause his petition to be held in abeyance until he paid the fee, or applied for leave to proceed in forma pauperis. In this case, however, addressing the fee issue would only delay the inevitable dismissal of the case.

F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).

In this case, Petitioner is attempting to challenge a conviction that is more than 22 years old. The sentence at issue here was only 113 days of confinement, (which was stayed), and a ten-year term of probation. The current petition plainly indicates that Petitioner's sentence, including the probation term, was fully expired more than ten years ago. (Petition, p. 5.) Therefore, Petitioner is not currently "in custody" for the 1991 conviction that he is attempting to challenge in his present petition.

The Court recognizes that Petitioner is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota. However, nothing in Petitioner's submissions suggests that he is currently serving the sentence imposed for the 1991 conviction that he is attempting to challenge here.[3] Again, Petitioner has clearly indicated that the sentence imposed for his 1991 conviction, including the ten-year term of probation, expired long ago. Because that sentence has been completed, Petitioner cannot satisfy the statutory "in custody" requirement. Petitioner's current habeas petition must therefore be summarily dismissed for lack of jurisdiction. Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton, 53 F.3d at 929.

B. Federal Statute of Limitations

Even if the "in custody" requirement were satisfied, this case still would have to be

---

[3] A website maintained by the Minnesota Department of Corrections, (http://www.doc.state.mn.us), shows that Petitioner is now serving a sentence imposed in 2002 in an Anoka County criminal case that is different from the case at issue here.

summarily dismissed, because it is barred by the one-year <u>federal</u> statute of limitations that applies to habeas corpus petitions filed in federal court.[4] 28 U.S.C. § 2244(d)(1) provides that:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, nothing suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the State created any unconstitutional impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new

---

[4] Petitioner should note that the <u>federal</u> habeas statute of limitations operates wholly independently of the Minnesota <u>state</u> statute of limitations that applies to post-conviction motions filed in state court. Therefore, the timeliness (or untimeliness) of Petitioner's prior state post-conviction motions has no direct bearing on this Court's analysis of the timeliness of the current federal habeas petition.

evidence that could not have been discovered soon enough to file a timely petition. Therefore, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The judgment effecting Petitioner's conviction and sentence was entered on January 31, 1992. (Petition, p. 1, § 2.b.) Because Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The deadline for seeking direct review apparently expired sometime around the end of April 1992, (see Minn. R. Crim. P. 28.02, subd. 4(3)), so the judgment in Petitioner's criminal case became "final," for purposes of § 2244(d)(1)(A), about that time.

However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Accordingly, even though Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), in 1992, the statute of limitations did not actually began to run in this case until April 24, 1996. This means that the limitations period did not expire until April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions"). However, Petitioner did not file his present petition until February 2014, which was nearly seventeen years after the statute of limitations expired.

The statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

Here, Petitioner represents that he did file a state post-conviction motion on May 12, 2012. (Petition, p. 1, § 8.) However, that motion did not effectively toll the statute of limitations pursuant to § 2244(d)(2), because the one-year federal statute of limitations had expired long before Petitioner filed his post-conviction motion in the state court. See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner seems to believe that his 2012 post-conviction motion somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully completed in December 2013, when the Minnesota Supreme Court denied his application for further review in that matter. (See Petition, p. 11, § 18.) However, that is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005)

(citations omitted). Again, once the statute of limitations expired in this case on April 24, 1997, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in 2012.

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460,

463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not presented any potentially viable rationale for equitable tolling. It appears that here, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the untimeliness of this action cannot be excused based on equitable tolling.

    C. Federal Constitutional Issue Requirement

Finally, the Court finds that even if Petitioner could show that he presently is "in custody" pursuant to the judgment he is challenging, and even if he could show that his current petition is not time-barred, this case still would have to be summarily dismissed, because the claims presented in the current petition are not based on the federal Constitution.

A federal court cannot grant habeas corpus relief to a state prisoner, unless the petitioner demonstrates that he is being detained in violation of his rights under the federal Constitution. 28 U.S.C. § 2254(a). See also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Furthermore, a writ of habeas corpus under § 2254 cannot be granted, unless the petitioner has adequately demonstrated that he is being confined pursuant to a state court judgment that "was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

All of the grounds for relief that Petitioner has raised in his current habeas corpus petition involve purely state law issues. Petitioner contends that the Minnesota state courts misapplied Minnesota <u>state law</u> pertaining to the <u>state</u> statute of limitations for filing a post-conviction motion in <u>state</u> court. However, a state court's application of state law is not reviewable in a federal habeas corpus proceeding. See <u>Estelle</u>, 502 U.S. at 68 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); <u>see</u> <u>also</u> <u>Evenstad v. Carlson</u>, 470 F.3d 777, 782 (8th Cir. 2006) ("[l]ike the district court, we lack authority to review the Minnesota state courts' interpretation and application of state law"). As explained by the Eighth Circuit Court of Appeals –

> "[i]t is not enough for [a state habeas petitioner] to argue the Minnesota state courts misapplied state law. To obtain habeas relief, [the petitioner] must be able to point to the Supreme Court precedent he thinks the Minnesota state courts acted contrary to or applied unreasonably."

<u>Id</u>. at 783.

Petitioner has not shown that the Minnesota Court of Appeals' interpretation and application of Minnesota's statute of limitations for post-conviction motions transgresses any constitutional ruling by the U.S. Supreme Court. Indeed, Petitioner has not identified <u>any</u> federal constitutional error committed by any state court – and he certainly has not identified any error that could satisfy the demanding standards prescribed by 28 U.S.C. § 2254(d). For this additional reason, the current petition must be summarily dismissed.

### III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would allow Petitioner to continue to prosecute his current habeas corpus petition.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

**IV.  RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **SUMMARILY DISMISSED WITH PREJUDICE**; and

3.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: February 25, 2014

                                                         _s/Franklin L. Noel_
                                                         FRANKLIN L. NOEL
                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by

filing with the Clerk of Court and serving on all parties, on or before March 11, 2014, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.